IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS FELDSER, :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 19-CV-3506
 :
MAJOR MIRANDA, *et al.*, :
    Defendants. :

## MEMORANDUM

**RUFE, J.**                                                                                                             **SEPTEMBER 30, 2019**

*Pro se* Plaintiff Thomas Feldser, a pretrial detainee currently confined at Curran Fromhold Correctional Facility ("CFCF"), has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Feldser is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, certain claims in the Complaint will be dismissed with prejudice, certain claims will be dismissed without prejudice, certain claims will be permitted to proceed as alleged, and Feldser will be granted leave to file an amended complaint to attempt to cure the defects noted by the Court concerning the claims dismissed without prejudice.

## I.    FACTS

Feldser alleges that, during a cell transfer following his completion of a disciplinary sentence, Defendant Correctional Officers Boone and Sullivan threw multiple punches at his face and lower body when he protested to them that the cell to which he was moved was not in compliance with his medical requirement to be housed in a lower bunk on a lower tier. (ECF

No. 1 at 4.)¹ He was treated in the medical unit for a bruised lip, bruised ribs, an abrasion on his ear, and swelling above his eye. (*Id.*) Felder asserts that he filed grievances about the incident, but received no reply. (*Id.*) Feldser also asserts that Defendant Major Miranda did not convene an administrative segregation hearing until Feldser had already been in administrative segregation for 45 days, even though he made verbal requests and filed a grievance. (*Id.*) He alleges that Miranda and Defendant Delaney, the Warden of CFCF, caused him to remain in special housing for more than six months without due process because Feldser spoke out against Boone and Sullivan. (*Id.* at 3, 5.) Feldser names each Defendant in their individual and official capacities. (*Id.* at 3.)

## II.   STANDARD OF REVIEW

The Court will grant Feldser leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.² Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Feldser is proceeding *pro*

---

¹ The Court adopts the pagination supplied by the CM/ECF docketing system.

² However, as Feldser is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code[3] provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3] Feldser did not use the Court's preprinted form complaint. In the caption of his handwritten Complaint, Feldser recites "42 USCS 1983." (ECF No. 1 at 3.) The Court construes his Complaint as attempting to assert constitutional claims against the Defendants pursuant to § 1983.

### A. Official Capacity Claims

Feldser has sued each Defendant in their official as well as individual capacities. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, the official capacity claims against the named Defendants must be construed as claims against the City of Philadelphia.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Feldser's claims fail to meet the *Monell* standard. He has not alleged a policy or custom, or that a policy or custom caused the violation of his constitutional rights. Accordingly, Feldser's official capacity/*Monell* claims are dismissed pursuant to § 1915(e)(2)(B)(ii). The Court will, however, grant Feldser an opportunity to file an amended complaint if he is able to cure the defects identified in his official capacity/*Monell* claims.

B.  **Claim Based on Grievances**

Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Feldser about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

C.  **Claims Based on Cell Assignment**

Feldser's assertion that Defendants Boone and Sullivan were deliberately indifferent to his seizure disorder when they assigned him to a non-lower bunk, non-lower tier cell is sufficient to pass § 1915 screening. Prison officials may be liable if they demonstrate deliberate indifference to a prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The deliberate indifference standard typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.*

5

(citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20). Feldser asserts that the has a seizure disorder and a low bunk, low tier cell is medically required. He also asserts that Boone or Sullivan were made aware of the requirement and "disregarded [his] safety." Accordingly, the Court construes this as a claim of deliberate indifference to his serious medical needs, and not a claim of general entitlement to a particular type of cell, which Plaintiff could not assert.[4]

### D. Procedural Due Process Claim Based on Administrative Segregation

Feldser asserts separate claims against Defendants Miranda and Delaney based upon (1) his being held in administrative segregation for six months and upon (2) his allegation that he did not receive a hearing for 45 days after he was placed in administrative segregation. Pretrial detainees retain certain due process rights. *Stevenson v. Carroll*, 495 F.3d 62 (3d Cir. 2007). "Prison officials must provide detainees who are transferred into more restrictive housing for administrative purposes only an explanation of the reason for their transfer as well as an opportunity to respond." *Id.* at 70. Where a pretrial detainee alleges that he received no notice of his alleged misconduct, no written statement of the reasons for his discipline, no opportunity to be heard, and was never informed how long he was to be held in administrative segregation, he may state a plausible due process claim. *See Dewald v. Jenkins*, Civ. A. No. 16-04597, 2017 WL 1364673, at *5 (E.D. Pa. Apr. 13, 2017) (applying *Stevenson* and denying motion to dismiss claim). Accordingly, these claims may proceed.

### E. First Amendment Free Exercise Claim

Feldser asserts that, while housed in administrative segregation, he was "deprived of Islamic literature and Emam." (ECF No. 1 at 5.) He provides no further elaboration.

---

[4] *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well established that the decision where to house inmates is at the core of prison administrators' expertise.")

The Supreme Court has recognized that the First Amendment guarantees that all prisoners must be afforded reasonable opportunities to exercise their religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *see also O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.") (citations omitted). However, in order to state a plausible Free Exercise claim, a plaintiff must allege a "substantial burden" on the exercise. *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981); *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972). Moreover, although inmates retain certain protections afforded by the First Amendment, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone*, 482 U.S. at 348 (quotations omitted). While the federal courts must take cognizance of valid constitutional claims of prison inmates, the Supreme Court repeatedly has cautioned that the task of prison administration has been committed to the responsibility of the legislative and executive branches of government; federal courts should be reluctant to second guess these authorities. *See, e.g., Turner v. Safley*, 482 U.S. 78, 84 (1987); *O'Lone*, 482 U.S. at 353.

The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden. *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989) (internal citations omitted). The Supreme Court has stated that "[a] special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Cruz*, 405 U.S. at 322 n. 2. "The requirement that a state interpose no unreasonable barriers to the free exercise of an inmate's religion cannot be equated with the suggestion that the state has an

affirmative duty to provide, furnish, or supply every inmate with a clergyman or religious services of his choice." *Gittlemacker v. Prasse*, 428 F.2d 1, 4 (3d Cir. 1970).

While Feldser complains that he was deprived of religious literature and access to the clergy of his choice while in administrative segregation, he does not assert that he was prohibited from practicing his religion and it is unclear how Feldser's allegations created a "substantial burden" on a central religious belief or practice. He also does not allege which, if any, of the named Defendants violated his rights. Accordingly, he has failed to state a plausible First Amendment claim, and the claim will be dismissed without prejudice with leave granted to Feldser to amend if he is able to cure the defects the Court has noted.

### F. First Amendment Retaliation Claim

Finally, Feldser asserts that Defendants Delaney and Miranda placed him in administrative segregation in retaliation for his having filed grievances against Boone and Sullivan relating to the excessive force incident. (ECF No. 1 at 5.)

In order to plead a plausible a retaliation claim, a plaintiff must assert three elements. First, he must demonstrate that his conduct was constitutionally protected. Second, he must allege that the retaliatory action was "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights[.]'" *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). Third, he must allege a causal link between his constitutionally protected conduct and the adverse action taken against him. *Id.* In the prison context, constitutionally protected conduct must be "a substantial or motivating factor" for the retaliatory conduct. *Id.*

Filing a grievance against prison officials can be protected conduct upon which to base a retaliation claim. *Watson v. Rozum* 834 F.3d 417, 422 (3d Cir. 2016). However, Feldser has not

8

properly alleged the other two elements of a retaliation claim.[5]  Accordingly, this claim will also be dismissed without prejudice and with leave to amend if Feldser can cure the defects the Court has noted.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss with prejudice Feldser's claims based on grievances.  The Court will dismiss Feldser's official capacity/municipal liability claims, free exercise claim, and retaliation claim without prejudice and with leave to file an amended complaint within thirty (30) days.  If Feldser fails to file an amended complaint within the thirty day period only his deliberate indifference and excessive force claims against Defendants Boone and Sullivan, and his procedural due process claims Defendants Miranda and Delaney will proceed.  If Feldser determines only to proceed on the procedural due process, deliberate indifference, and excessive force claims, he may so advise the Court and the original Complaint will be served at that time.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

[5] The Court notes that, although Feldser asserts that Delaney and Miranda placed him in administrative segregation in retaliation for his having filed grievances against Boone and Sullivan relating to the excessive force incident, he also alleges that the excessive force incident happened *after* he was released from administrative segregation while he was being moved to a different part of the facility.  The causation allegations are thus too confused, ambiguous, or vague to satisfy Rule 8.